ALVIN CALDWELL *et al.*

*v.*

SILAS A. EVANS *et al.*

1. TRESPASS—*opening fence under order of highway commissioners.* The order of highway commissioners is no justification in trespass for opening the plaintiff's fence so as to let cattle into his corn, when it is not shown there was a highway legally established at the place.

2. EVIDENCE—*laying out road.* In trespass for removing a fence over ground claimed for a road, unless a valid order establishing the road has been made, the other papers, such as the petition, etc., are not admissible, as they can only tend to confuse the jury.

3. SAME—*res gestæ.* Where parties, in removing a fence, state that they are removing the same to open and construct a public road under the order of the commissioners of highways, their declarations will be admissible in evidence as a part of the *res gestæ.*

4. DAMAGES—*when too remote.* In trespass for removing plaintiff's fence, he can not recover for damages occasioned by being prevented from cultivating part of his land, and evidence tending to show such damages is properly excluded as being too remote.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. LODGE & HUSTON, for the appellants.

Messrs. REED & BARRINGER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Under a claim of right to open a public highway, defendants removed certain fences belonging to plaintiffs, connecting with what had been treated by the parties as a division fence. The gaps thus made opened plaintiffs' premises, and let their

cattle out the lane, and into their corn. Some actual damage to plaintiffs' corn was proven. It was necessary to build one half mile of fence to enclose the premises again.

One of defendants owns land adjoining plaintiffs', but previous to committing the acts complained of, no notice, as required by statute, had been given of his intention to remove what both parties had evidently treated as a division fence. The defense, however, is not rested upon that ground, but upon the fact a public road had been established, and that defendants, in removing the fences, were acting under the order of the commissioners of highways in opening the road for the use of the public. It is fatal to this defense that it is not shown, any public road had been legally established on that line by the town authorities. The order made by the commissioners, offered in evidence, and which, it is claimed, established the highway, was made more than five years before, and, for some reason, the court rejected it as evidence. No cross errors have been assigned by defendants on that decision, and we must indulge the presumption the court ruled correctly. Certainly, nothing to the contrary appears in this record. Failing, therefore, to show any lawful right to remove plaintiffs' fences, and as some actual damage was proven, the verdict for defendants was plainly against the weight of the evidence.

It may be, the jury were misled by the refusal of the court to exclude from their consideration the petition and other preliminary papers in relation to laying out the road. All that was said by defendants while in the act of removing the fences, was admissible in evidence as a part of the *res gestæ*. They declared they were removing the fences with a view to open and construct a public road, under the orders of the commissioners of highways of the town, and that is all, it seems, they had any right to prove on that subject. Unless a valid order establishing the road had been made, the other papers in the case were unimportant, and only tended to confuse the jury.

On the trial, plaintiffs offered to prove they sustained dam-

age on account of being "compelled to quit cultivating their crops to repair the fences at that season of the year," but on objection being made, the court rejected the evidence, for the reason the damages were too remote to be considered as flowing from the acts of defendants. We think the court ruled correctly on that point. As we understand the rule on this subject, it is stated correctly in *Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 350. Under the rule there declared, it can not be justly said, the failure of plaintiffs to "cultivate their crops" could have been foreseen and expected as a natural and proximate consequence of the acts of defendants.

. Other points have been argued, but these are all we deem important to be considered in deciding the case as it now comes before us.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*